## DOCK CHANEY V. THE STATE.

### No. 3679.   Decided December 12, 1906.

**1.—Assault to Murder—Objections to Testimony—Warrant of Arrest.**

Where upon appeal from a conviction of assault with intent to murder, the record showed that the defendant had made objection to the introduction of a certain warrant of arrest, but there was no exhibition of said warrant or ground of objection stated, the matter could not be reviewed on appeal.

**2.—Same—Charge of Court Refused—Principal—Malice—Sedate Mind—Conspiracy.**

Upon a trial for assault with intent to murder, where there was evidence that defendant and his codefendant resisted an officer in a legal arrest, and that some shots were fired at said officer by them, there was no error in refusing a requested charge to acquit defendant unless he agreed with his codefendant to kill prosecutor, and such agreement by defendant was made with a cool and sedate mind. An assault with intent to murder may be upon implied as well as upon express malice, and the former may be formed in a mind which is not entirely calm and serene.

**3.—Same—Charge of Court—Knowledge of Unlawful Intent—Warrant—Principal.**

Upon trial for assault with intent to murder where the evidence showed that defendant and another resisted legal arrest, the court properly charged that, in order to find defendant guilty on account of the acts of his codefendant, defendant must have known of the unlawful intent on the part of his codefendant and aided and abetted him in the assault, and that the officer must have proceeded in his effort to arrest them upon a warrant and informed them thereof; and that his said codefendant resisted said arrest and shot at the officer of his malice aforethought with intent to murder him, and that defendant knew of this intent, etc., and aided and abetted him.

**4.—Same—Charge of Court—Warrant—Notice of.**

Upon a trial for assault with intent to murder, where the evidence showed that defendant and another resisted legal arrest, and that the officer immediately upon approaching them notified them that he had a warrant for their arrest, and defendant's codefendant answered that he could not arrest him, the court correctly charged upon this phase of the case, with regard to the arrest of defendant and his codefendant under warrant.

Appeal from the District Court of Van Zandt. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of an assault with intent to murder, and his punishment fixed at two years confinement in the penitentiary; hence this appeal.

Appellant objected to the introduction of a warrant of arrest issued out of the justice's court of precinct number 1 of Van Zandt County, for the arrest of Will Daniels for disturbing the peace. The warrant is not set out, nor are any grounds of objection stated for the introduction of said warrant. Without some exhibition of the warrant or some ground of objection stated, it is not in condition to be reviewed.

Appellant requested the following charge of the court: "You are further instructed that before you can convict the defendant as a principal with Will Daniels, you must believe from the evidence that there was an agreement entered into by and between defendant and Will Daniels to kill and murder J. P. Dubose, and this agreement must have been entered into while the defendant's mind was cool and sedate and capable of cool reflection, and unless you find from the evidence that the defendant did agree with Will Daniels to kill and murder J. P. Dubose, then you cannot convict this defendant as principal, and you should return a verdict of not guilty." The court refused to give this charge, and this is assigned as error. We do not believe the charge requested of the court announces a correct rule of law. Appellant's mind did not have to be sedate and cool when he made the agreement or entered into the conspiracy. An assault with intent to murder may be upon implied as well as upon express malice. Implied malice may be formed in a mind which is not entirely calm and serene. However, we believe that the court's charge on the subject properly presented the issue as raised by the evidence connecting appellant with the acts and conduct of his codefendant, Daniels. The charge of the court instructed the jury, if they should find appellant guilty on account of the acts and conduct of Daniels they must believe beyond a reasonable doubt that defendant knew of such unlawful intent on the part of Daniels and aided and abetted him in the assault with such knowledge. The court also instructed the jury that the officer, Dubose, in making the arrest, was required to inform the parties that he had a warrant against them for disturbing the peace, and after being so informed, Daniels resisted said arrest and shot at Dubose, of his malice aforethought with intent to murder him, and that appellant knew of the unlawful intent of Daniels and knew of the resistance to said legal arrest, and aided and abetted Daniels, and Daniels did the shooting at Dubose to find him guilty. In reviewing the charge, it occurs to us

that appellant's rights were sufficiently safeguarded as to any complicity in the acts of Daniels. The State also introduced evidence showing that appellant shot at the officer, and of course if he did so, he would be responsible directly on his own account; or if he did not himself shoot at Dubose, but Daniels was shooting at Dubose, and appellant was shooting at others in the posse, and thus aiding and abetting Daniels in his resistance, he would also be guilty. So far as the law of principals is concerned, we think that the charge contains all that is necessary on that subject. The definition of malice aforethought as stated by the court was also in accord with the authorities.

We are disposed to disagree with counsel in his motion for new trial that there was no evidence showing that appellant knew that Dubose was an officer. There is testimony authorizing the court to submit this isue. When Dubose and the posse came up, Daniels and Caney, who were in the pasture, fled. The officer immediately cried out to them, that he had a warrant for their arrest, for disturbing the peace, and Daniels and Caney, with their pistols flourishing in the air, began to run, Daniels declaring, "By God, you can't arrest me." The officer replied, "This is a mighty little matter for you boys to get into trouble over." Daniels said, "You will have to take me feet foremost." The officer said, "If you try to run I will shoot you." After the officer and posse came up, Daniels and appellant began firing at the officer; Daniels from behind a tree and appellant in the open. Evidently the court was amply authorized to give the instruction he did with regard to an arrest of appellant and Daniels under warrant.

We have examined the charge carefully, and in our opinion it is a correct exposition of the law as applicable to the facts proved both by the State and the defendant.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.